Robert C. Ryan (7164)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: (775) 327-3042
Fax: (775) 786-6179
rcryan@hollandhart.com

Bryce K. Kunimoto (7781)
Bryan L. Wright (10804)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600
Fax: (702) 669-4650
bkunimoto@hollandhart.com
blwright@hollandhart.com

*Attorneys for Plaintiffs*

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AGS, LLC, a Delaware limited liability company; RED CARD GAMING, INC., a Nevada corporation,

Plaintiffs,

v.

GALAXY GAMING, INC., a Nevada corporation,

Defendant.

Case No.

**COMPLAINT**

Plaintiffs AGS, LLC ("AGS") and Red Card Gaming, Inc. ("Red Card") (collectively, "Plaintiffs"), by and through their counsel, Holland & Hart LLP, for their Complaint against Defendant Galaxy Gaming, Inc. ("Galaxy"), state and allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs seek injunctive, declaratory, equitable, and monetary relief against Galaxy for trademark infringement, unfair competition, fraudulent inducement, mistake, breach of contract, tortious interference, and unjust enrichment.

2. In bringing this action Plaintiffs do not waive the right or requirement to arbitration pursuant to Section IX(n) of the September 21, 2012 Asset Purchase Agreement discussed herein.

Pursuant to *PMS Distrib. Co., v. Huber & Suhner, A.G.*, 863 F.2d 639 (9th Cir. 1988), NRS 38.222, and American Arbitration Association ("AAA") Commercial Arbitration Rule 37(c), Plaintiffs intend to seek from this Court at least the provisional remedy of injunctive and declaratory relief against the infringement complained of herein.

**THE PARTIES**

3. Plaintiff AGS is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada.

4. Plaintiff Red Card is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

5. Upon information and belief, Defendant Galaxy is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

**JURISDICTION**

6. This action arises and is brought under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq*., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Nevada statutory and common law.

7. Subject matter jurisdiction exists under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-2202.

8. This Court has personal jurisdiction over Galaxy because Galaxy is a Nevada corporation with its principal place of business in this State.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Galaxy is subject to personal jurisdiction in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

**GENERAL ALLEGATIONS**

**I. High Card Flush**

10. In or around 2010, Michael J. Pertgen ("Pertgen") invented a proprietary casino game now known as "High Card Flush."

11. High Card Flush is based primarily upon the card game of poker, and is played using the following basic rules:

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

a) each player makes the mandatory "Ante" wager;

b) the player(s) and dealer each receive seven cards face down;

c) hands are evaluated in the following fashion:

i. flushes are first ranked by the number of cards used in the flush (the more cards in the flush, the higher the rank); and

ii. flushes with the same number of cards are then ranked in order by their highest card(s);

d) the player(s) can then either:

i. fold, and surrender the Ante; or

ii. "Play," placing a second bet equal to at least the Ante;

e) the maximum amount of the Play wager depends on the rank of the player's hand:

i. with a two, three, or four-card flush, the maximum Play wager is equal to the Ante wager;

ii. with a five-card flush, the maximum Play wager is double the Ante wager; and

iii. with a six or seven-card flush, the maximum Play wager is triple the Ante wager;

f) once all players have made their Play wager, the dealer turns over his/her seven cards and evaluates his/her hand in a similar fashion as described above;

g) if the dealer does not have at least a three-card flush, nine-high, all remaining players have their Antes paid, and the Play bets are pushed; and

h) if the dealer has at least a three-card flush, nine-high, his/her hand is compared to each other player:

i. all players with a higher-ranking hand win, and have their Ante and Play wagers paid at even money;

ii. all players with a lower-ranking hand lose, and have their Ante and

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Play wagers collected; and

iii. players with the exact same ranking hand as the dealer push both their Ante and Play wagers.

12. In or around April 2011, Pertgen assigned his rights, title, and interest in High Card Flush, including without limitation to the High Card Flush trademark and service mark, to the then newly formed entity Red Card (in which Pertgen is and was at all relevant times hereto a majority owner).

13. Commencing in or around the Summer of 2011, Red Card placed its first live commercial gaming table of High Card Flush with the Harrah's Laughlin. High Card Flush was placed under the trademark and service mark (collectively, "Trademark") "HIGH CARD FLUSH" (the "HIGH CARD FLUSH Trademark").

14. Thereafter, on or about December 14, 2011, Red Card filed with the United States Patent and Trademark Office ("USPTO") U.S. Patent Application Serial No. 13/326,197 with respect to High Card Flush (both live and electronic versions).

**II. The Galaxy-Red Card APA**

15. Upon information and belief, Galaxy is a publicly traded company engaged in the business of manufacturing and licensing proprietary casino tables games.

16. Commencing in or around August 2012, Red Card entered into negotiations with Galaxy regarding Galaxy's possible distribution or purchase from Red Card of certain rights as to the live/table version of High Card Flush.

17. Ultimately, those negotiations culminated in Galaxy and Red Card entering into an Asset Purchase Agreement dated September 21, 2012 (the "Galaxy-Red Card APA").

18. Under the terms of the Galaxy-Red Card APA—excluding Red Card's retained rights (i) to video and slot machine applications of High Card Flush, and (ii) to market and exploit High Card Flush in video and slot machine form—Galaxy purchased all of Red Card's rights, title, and interest to the table of High Card Flush installed at the Harrah's Laughlin, and all patents, patent applications, trademarks, trade dress, copyrights, and approvals for the live table version of High Card Flush as detailed more fully in the Galaxy-Red Card APA (collectively, the "Assets").

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

19. Further, under the terms of the Galaxy-Red Card APA, Red Card was to be paid a flat Purchase Price of $1.00 for the Assets, with additional compensation (referred to in the Galaxy-Red Card APA as "Contingent Consideration") based upon a percentage of the fees Galaxy made by marketing and distributing the Assets.

20. On or about August 22, 2014, Red Card and AGS entered into an Asset Purchase Agreement (the "Red Card-AGS APA"), pursuant to which AGS acquired all of Red Cards right, title, and interest under the Galaxy-Red Card APA, as well as Red Card's previously retained rights (i) to video and slot machine applications of High Card Flush, and (ii) to market and exploit High Card Flush in video and slot machine form.

21. By letter dated September 10, 2014, Red Card and AGS jointly advised Galaxy of AGS' acquisition of Red Card's rights under the Galax-Red Card APA, including Red Card's entitlement to payment of the Contingent Consideration.

**III. Galaxy's False Representations Prior to Executing the Galaxy-Red Card APA**

22. Prior to the formation of the Galaxy-Red Card APA, and unknown to Red Card at the time, Galaxy made various false representations to Red Card and omitted material facts about Galaxy's ability and intent to market and distribute the Assets.

23. Specifically, during various negotiations between August 2012 and September 21, 2012, Galaxy, including through its CEO, Robert Saucier, and through its Sales representative, Ron Marks, represented to Red Card that, as the second biggest table game distributor in the United States and the biggest table game distributor outside the United States, Galaxy had the ability and intent to market and distribute the Assets "worldwide."

24. Further, during those same conversations, when Red Card asked for an advance on payment of the Contingent Consideration or some form of a "signing bonus" as part of the Galaxy-Red Card APA, Saucier specifically stated that the expense of getting High Card Flush approved "worldwide" would prevent Galaxy from paying Red Card any money up front.

25. Unbeknownst to Red Card at the time, however, Galaxy (including but not limited to itself and one or more of its then related subsidiaries) and Saucier had been found "unsuitable" and thus were precluded from becoming a vendor of casino games at least by gaming regulators in

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

the State of Oregon, and were then under investigation by regulators in, *inter alia*, the States of Washington and California.

26. Although the Washington administrative charges and investigation were ultimately dropped (after Galaxy agreed to pay the regulator over $109,000), as discussed further below, regulators in California—a significant gaming market—ultimately found Galaxy and Saucier unsuitable and thus Galaxy was prohibited from entering into vendor contracts with Indian Casinos in that jurisdiction.

27. At the time of making the above representations to Red Card, Galaxy knew of the foregoing investigations and the Oregon finding of unsuitability, and never informed Red Card of the same or any other impediments Galaxy had experienced in obtaining regulatory approvals to market and distribute casino games such as High Card Flush. Nor did Galaxy disclose to Red Card any of Saucier's underlying questionable activity which prompted those investigations and findings of unsuitability.

28. Given the prior finding of unsuitability in at least Oregon, Galaxy's representations to Red Card regarding its ability to market and distribute the Assets "worldwide" were in fact false at the time the representations were made.

29. Red Card reasonably relied upon Galaxy's representations regarding Galaxy's ability to market and distribute the Assets "worldwide," and Red Card would not have entered into the Galaxy-Red Card APA had it known this information.

**IV. Galaxy's Repeated Material Breaches of the Galaxy-Red Card APA**

*A.* *Galaxy's Failure to Use Best Efforts to Market or Distribute the Assets*

30. Under Section IV(c) of the Galaxy-Red Card APA, Galaxy agreed to use its best efforts in the marketing and distribution of the Assets. Specifically, Galaxy, as the "Buyer," agreed to, *inter alia*, the following:

> to use its best efforts to market and distribute High Card. In the event that Buyer fails to use its best effort Seller may purchase the Assets from Buyer for One Dollar ($1.00). If Seller chooses to purchase the Assets back from Buyer under this section, Buyer is entitled to continue to receive revenue from High Card games placed into service by Buyer. However, Buyer is obligated to

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

> continue Contingent Consideration payments to Seller for any High Card games under contract with Buyer.

31. Similarly, under Section V(b) of the Galaxy-Red Card APA, Galaxy agreed to "take all commercially reasonable and best efforts actions necessary or desirable to cause the conditions set forth in the Agreement hereof to be satisfied and to consummate the transactions contemplated herein as soon as reasonably possible after the satisfaction thereof."

32. Plaintiffs understand and believe that Galaxy has been unable to legally market and distribute the Assets in at least California and Oregon, due to the adjudicated defects in the character and fitness of Galaxy's CEO, Robert Saucier.

33. For example, in July 2013, the California Gambling Control Commission adopted a 103 page finding of unsuitability, a true and correct copy of which is attached hereto as **Exhibit 1**, which contained the following illustrative summary:

> As discussed below, respondents [Saucier and Galaxy] provided untrue and/or misleading information, and/or failed to disclose material facts on their applications; respondent Saucier engaged in activities that created the danger of unsuitable, unfair or illegal practices, methods, and activities in the conduct of controlled gambling, particularly as his conduct pertained to the operation of the Mars Hotel and Casino in the State of Washington; and respondent Saucier's conduct demonstrated a lack of honesty and integrity. While respondents pointed to the fact that their various entities have operated in California since 1999 without incident, they ignored the fact that those entities have been able to do so, in large part, because of respondents' own dilatory tactics during the application and appeal process. Therefore, respondents did not sustain their burden to prove that they meet the criteria for a finding of suitability, and the applications should be denied. (Emphasis added)

34. Upon information and belief, as a result of that finding and others, Galaxy has been prohibited from legally supplying the Assets for compensation in California.

35. Despite its obligations under the Galaxy-Red Card APA, Galaxy has failed or refused to use best efforts to resolve the unsuitability findings made in, *inter alia*, Oregon and California.

36. For example, upon information and belief, Galaxy has failed or refused to take any action to remove or replace Saucier with another executive acceptable to the above authorities.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

37. Similarly, despite separate good faith offers from both Red Card and AGS to distribute the Assets for Galaxy in those and other jurisdictions in which Galaxy is precluded or unapproved—which would be mutually beneficial to all parties—Galaxy has refused such a solution.

*B. <u>Galaxy's Fraudulent Failure to Pay the Contingent Consideration</u>*

38. Section II(a)(ii) of the Galaxy-Red Card APA further requires Galaxy to make certain payments of Contingent Consideration.

39. Despite that obligation, since in or around September of 2014, Galaxy has ceased making any such payments to either Red Card or AGS without proper justification.

40. Additionally, Plaintiffs have recently discovered that Galaxy had been underpaying the Contingent Consideration through at least two fraudulent schemes.

41. First, upon information and belief, Galaxy deployed and installed tables of High Card Flush into at least three (3) casinos that Galaxy has never acknowledged or included in calculating the Contingent Consideration, namely: (i) Dover Downs Hotel & Casino, Dover Delaware, (ii) Angel of the Winds Casino, Arlington, Washington, and (iii) Wildwood Casino, Cripple Creek Colorado.

42. Second, in calculating the amount of Contingent Consideration, upon information and belief, Galaxy underreported revenue received during the first three (3) months after Galaxy placed each new table.

43. Specifically, Galaxy previously offered new tables of High Card Flush on a three (3) month trial basis, pursuant to which the customer was reimbursed any payments made to Galaxy during the first three (3) months after a table was installed, if, after expiration of that period, the customer elected to not keep the table.

44. Under the trial agreement, when the customer kept the table Galaxy continued to collect payments from the customer without reimbursement of any prior payments.

45. However, Galaxy, upon information and belief, historically did not report the table placement to Red Card until after expiration of the trial period, and never reported (nor paid Contingent Consideration on) the initial three (3) months of revenue.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

*C.* *Galaxy's Failure to Obtain Necessary Government Approvals*

46. Section II(b)(iii) of the Galaxy-Red Card APA provides in relevant part that:

> Buyer and Seller will cooperate with one another and proceed, as promptly as is reasonably practicable, to seek to obtain all necessary consents and approvals needed, and to endeavor to comply with all other legal or contractual requirements for, or preconditions to, the execution and consummation of this Agreement. (Emphasis added)

47. As described above, Galaxy has failed to cooperate or proceed as promptly as reasonably practicable to seek to obtain all necessary consents and approvals needed to legally market or distribute the Assets in at least California and Oregon.

48. Galaxy's breach includes the failure or refusal to remove or replace the unsuitable Saucier, upon information and belief the unapproved distribution of the Assets for no consideration to Indian Casinos in California, and the abject refusal to cooperate and allow Plaintiffs to market and distribute the Assets in the jurisdictions in which Galaxy legally cannot.

**V. Red Card and AGS Rescind the Galaxy-Red Card APA, But Galaxy Refuses to Return the Assets**

49. By letter dated November 26, 2014, a true and correct copy of which is attached as **Exhibit 2**, Plaintiffs rescinded the Galaxy-Red Card APA based upon Galaxy's above mentioned intentional misrepresentations and knowing omissions of material facts concerning Galaxy's ability and intent to market and distribute the Assets "worldwide."

50. In the letter, Plaintiffs demanded, *inter alia*, that Galaxy (i) assign to AGS all right, title, and interest in the Assets, (ii) not further deploy or utilize any Assets, and instead withdraw from the market all copies of High Card Flush, (iii) cooperate and take all reasonable and good faith actions and execute any documents reasonably necessary or advisable to assign and transfer the Assets to AGS, and (iv) remove from the market all table games that Galaxy has deployed anywhere for free or below cost.

51. Despite Plaintiffs' demands, Galaxy has failed or refused to acknowledge Plaintiffs' rescission of the Galaxy-Red Card APA, and has further failed or refused to cease utilizing the Assets, including, without limitation, cease advertising and offering for sale or lease, selling or

leasing, or otherwise providing to third parties High Card Flush in connection with the HIGH CARD FLUSH Trademark.

**VI. Galaxy's Refusal to Return the Assets is Causing Plaintiffs Irreparable Harm**

52. Pursuant to AGS' rights in the Assets as explained above, including without limitation the rights to own the HIGH CARD FLUSH Trademark, and the registration of such trademark, through its website, www.playags.com, AGS has been and is marketing and advertising High Card Flush, under the HIGH CARD FLUSH Trademark, for licensing and distributing in each jurisdiction in which AGS is legally authorized to distribute casino games.

53. Galaxy continues to market, advertise, utilize, or license the exact same High Card Flush game under the exact same HIGH CARD FLUSH Trademark in at least some of the same geographic markets in which AGS is marketing and advertising High Card Flush.

54. Because Galaxy is using the same mark for the same High Card Flush game in the same marketing channels and geographic locations, Galaxy's use of High Card Flush and the HIGH CARD FLUSH Trademark is likely to cause confusion and mislead the public into believing that AGS and Galaxy are the same source or are otherwise affiliated.

55. By reason of Galaxy's acts as alleged above, AGS has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of High Card Flush and the HIGH CARD FLUSH Trademark, as well as irreparable harm to AGS' business, goodwill, and reputation. AGS has no adequate remedy at law because damage to AGS' goodwill and reputation are continuing and difficult to ascertain.

56. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**FIRST CLAIM FOR RELIEF**

**(Unfair Competition – 15 U.S.C. § 1125(a))**

57. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

58. Galaxy, by continuing to market and distribute the Assets despite Plaintiffs'

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

rescission of the Galaxy-Red Card APA, has used in commerce words, terms, and names, including without limitation the HIGH CARD FLUSH Trademark, that are likely to cause confusion, or to cause mistake or to deceive, as to whether Galaxy is affiliated, connected, or associated with Plaintiffs and/or as to whether Plaintiffs originated, sponsored, or approved of Galaxy's activities.

59. By so acting, Galaxy has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

60. Galaxy's conduct also constitutes an attempt to trade on the goodwill developed in, and owned by AGS in, the HIGH CARD FLUSH trademark, to the damage of Plaintiffs.

61. Plaintiffs have been and will continue to be irreparably damaged by such wrongful actions. Plaintiffs further have no adequate remedy at law to redress such harm.

62. Because Galaxy's actions, on information and belief, were intentional, willful, and/or deliberate, Plaintiffs are entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

63. By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief and monetary damages against Galaxy.

64. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

65. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

66. Galaxy's actions described above constitute unfair competition and trademark infringement in violation of the common law of the State of Nevada.

67. Galaxy's actions, on information and belief, have been willful and deliberate.

68. Galaxy's conduct is likely to cause confusion, mistake, or deception as to the source or origin of High Card Flush, or the affiliation, sponsorship, or other relationship between the parties in violation of the common law of the State of Nevada.

69. Galaxy's conduct misappropriates Plaintiffs' valuable intellectual property rights

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

and trades on the goodwill symbolized by the distinctive Assets and, for example, the HIGH CARD FLUSH Trademark, and is thereby likely to cause confusion or deception.

70. Plaintiffs have been and will continue to be irreparably damaged by such wrongful actions. Plaintiffs further have no adequate remedy at law to redress such harm.

71. By reason of the foregoing, Plaintiffs are entitled to injunctive relief and monetary damages against Galaxy.

72. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**THIRD CLAIM FOR RELIEF**

**(Statutory Deceptive Trade Practices/Consumer Fraud)**

73. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

74. Galaxy, by continuing to market and distribute the Assets despite Plaintiffs' rescission of the Galaxy-Red Card APA, is knowingly passing off for sale or lease as its own Plaintiffs' goods (i.e., High Card Flush).

75. Galaxy, by continuing to market and distribute the Assets despite Plaintiffs' rescission of the Galaxy-Red Card APA, is knowingly making a false representation during the sale or lease of goods as to the source, sponsorship, approval, or certification of such goods.

76. Galaxy, by continuing to market and distribute the Assets despite Plaintiffs' rescission of the Galaxy-Red Card APA, is knowingly making a false representation as to its affiliation, connection, association with, or certification by Plaintiffs.

77. Galaxy's actions described above constitute deceptive trade practices under Nevada law, including, *inter alia*, NRS 598.0915.

78. Pursuant to NRS 598.0953(1), the foregoing deceptive trade practices are prima facie evidence of Galaxy's intent to injure competitors, such as Plaintiffs, and to destroy or substantially lessen competition.

79. Pursuant to NRS 41.600(2)(e), Galaxy's foregoing deceptive trade practices

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

constitute "consumer fraud."

80. Plaintiffs have been and will continue to be irreparably damaged by Galaxy's statutory deceptive trade practices/consumer fraud, and therefore are victims for purposes of standing under NRS 41.600.

81. Plaintiffs have no adequate remedy at law to redress such harm.

82. By reason of the foregoing, Plaintiffs are entitled to injunctive relief and monetary damages against Galaxy.

83. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage)**

84. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

85. Prospective contractual relationships exist or existed between AGS and its potential distributors and customers with respect to High Card Flush.

86. Galaxy knew or should have known of the existence of AGS' prospective relationships with its distributors and customers with respect to High Card Flush.

87. Galaxy, by continuing to market, distribute, and collect revenue from AGS' intellectual property (namely, the Assets), without authorization from AGS, upon information and belief, intended to harm AGS by preventing AGS' prospective contractual relations with its distributors and customers with respect to High Card Flush.

88. Upon information and belief, Galaxy's interference with AGS' prospective economic relations was and is intentional, willful, malicious, without justification or excuse, and was perpetrated in an effort to obtain an unfair business advantage over AGS by benefiting from and exploiting AGS' intellectual property.

89. AGS has suffered and will continue to suffer damages, including but not limited to compensatory and consequential damages, as a direct and proximate result of Galaxy's intentional

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

interference with AGS' prospective contractual relations with its distributors and customers, in an amount to be proven at trial.

90. Upon information and belief, Galaxy's interference with AGS' prospective contractual relations with its distributors and customers was intentional, fraudulent, malicious, or oppressive, thereby entitling AGS to an award of punitive damages.

91. AGS has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action.

**FIFTH CLAIM FOR RELIEF**

**(Declaratory Judgment – Rescission Based Upon Fraudulent Inducement)**

92. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

93. A true, actual, and ripe case or controversy exists between Plaintiffs and Galaxy concerning ownership of the Assets following Plaintiffs' rescission of the Galaxy-Red Card APA.

94. Prior to entering into the Galaxy-Red Card APA, as detailed above, Galaxy falsely represented and omitted material information regarding its ability to market and distribute the Assets "worldwide."

95. Upon information and belief, at the time Galaxy made the above discussed misrepresentations and omissions, Galaxy knew that such representations were false, or that Galaxy had an insufficient basis for making such representations.

96. In making the foregoing misrepresentations and omitting the foregoing material information, Galaxy intended to induce Red Card to enter into the Galaxy-Red Card APA.

97. Red Card justifiably relied upon Galaxy's said misrepresentations and omissions in entering into the Galaxy-Red Card APA.

98. Alternatively, Red Card relied in fact upon Galaxy's said misrepresentations and omissions in entering into the Galaxy-Red Card APA.

99. Accordingly, Plaintiffs are entitled to a declaration that (i) they were legally permitted to rescind the Galaxy-Red Card APA under the doctrine of fraudulent inducement, (ii)

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

their rescission of the Galaxy-Red Card APA was proper and effective, (iii) the Galaxy-Red Card APA has been rescinded, and (iv) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets.

100. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**SIXTH CLAIM FOR RELIEF**

**(Alternative Claim for Declaratory Judgment – Rescission Based Upon Mutual Mistake)**

101. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

102. A true, actual, and ripe case or controversy exists between Plaintiffs and Galaxy concerning ownership of the Assets following Plaintiffs' rescission of the Galaxy-Red Card APA.

103. Prior to entering into the Galaxy-Red Card APA, as detailed above, Galaxy represented that it was able to market and distribute the Assets "worldwide."

104. Galaxy's representation that it was able to market and distribute the Assets "worldwide" proved to be false.

105. Giving Galaxy the benefit of the doubt, at a minimum, both Galaxy and Red Card shared a common misconception that Galaxy indeed had the ability to market and distribute the Assets "worldwide."

106. Galaxy's supposed ability to market and distribute the Assets "worldwide" was a vital and material fact upon which the parties based their agreement to enter into the Galaxy-Red Card APA.

107. Red Card would not have entered into the Galaxy-Red Card APA but for its belief, based upon Galaxy's representations and omissions, that Galaxy had the ability to market and distribute the Assets "worldwide."

108. Accordingly, Plaintiffs are alternatively entitled to a declaration that (i) they were legally permitted to rescind the Galaxy-Red Card APA under the doctrine of mutual mistake, (ii) their rescission of the Galaxy-Red Card APA was proper and effective, (iii) the Galaxy-Red Card

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

APA has been rescinded, and (iv) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets.

109. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**SEVENTH CLAIM FOR RELIEF**

**(Alternative Claim for Declaratory Judgment – Rescission Based Upon Unilateral Mistake)**

110. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

111. A true, actual, and ripe case or controversy exists between Plaintiffs and Galaxy concerning ownership of the Assets following Plaintiffs' rescission of the Galaxy-Red Card APA.

112. Prior to entering into the Galaxy-Red Card APA, Red Card was under the mistaken belief that Galaxy had the ability to market and distribute the Assets "worldwide."

113. Red Card's mistaken belief was based upon Galaxy's representations as discussed above, and thus Galaxy knew of, had reason to know of, and/or caused Red Card's mistaken belief.

114. Galaxy's supposed ability to market and distribute the Assets "worldwide" was a basic assumption of material fact upon which Red Card based its agreement to enter into the Galaxy-Red Card APA.

115. Red Card would not have entered into the Galaxy-Red Card APA but for its belief, based upon Galaxy's representations and omissions, that Galaxy had the ability to market and distribute the Assets "worldwide."

116. Accordingly, Plaintiffs are alternatively entitled to a declaration that (i) they were legally permitted to rescind the Galaxy-Red Card APA under the doctrine of unilateral mistake, (ii) their rescission of the Galaxy-Red Card APA was proper and effective, (iii) the Galaxy-Red Card APA has been rescinded, and (iv) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets.

117. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

and costs associated with bringing this action.

**EIGHTH CLAIM FOR RELIEF**

**(Alternative Claim for Declaratory Judgment – Purchase of the Assets Under Section IV(c))**

118. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

119. A true, actual, and ripe case or controversy exists between Plaintiffs and Galaxy concerning ownership of the Assets following Plaintiffs' alternative exercise of the right to purchase the Assets under Section IV(C) of the Galaxy-Red Card APA.

120. Section IV(c) of the Galaxy-Red Card APA, in relevant part, provides as follows:

> Buyer agrees to use its best efforts to market and distribute High Card. In the event that Buyer fails to use its best effort Seller may purchase the Assets from Buyer for One Dollar ($1.00). If Seller chooses to purchase the Assets back from Buyer under this section, Buyer is entitled to continue to receive revenue from High Card games placed into service by Buyer. However, Buyer is obligated to continue Contingent Consideration payments to Seller for any High Card games under contract with Buyer.

121. Similarly, under Section V(b) of the Galaxy-Red Card APA, Galaxy agreed to "take all commercially reasonable and best efforts actions necessary or desirable to cause the conditions set forth in the Agreement hereof to be satisfied and to consummate the transactions contemplated herein as soon as reasonably possible after the satisfaction thereof."

122. As alleged above, Galaxy has failed to use best efforts to market and distribute the Assets, including but not limited to the failure or refusal to remove or replace the unsuitable Saucier, upon information and belief the unapproved distribution of the Assets for no consideration to Indian Casinos in California, and the abject refusal to cooperate and allow Plaintiffs to market and distribute the Assets in the jurisdictions in which Galaxy legally cannot.

123. As such, through Plaintiffs letter dated November 26, 2014, AGS alternatively exercised the right to purchase the Assets under Section IV(c).

124. AGS tendered to Galaxy the stipulated purchase price of $1.00 with the November 26, 2014 letter.

125. Accordingly, Plaintiffs are alternatively entitled to a declaration that (i) Galaxy

failed to exercise best efforts in marketing and distributing the Assets, (ii) AGS' purchase of the Assets under Section IV(c) was proper and effective, (iii) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets.

126. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**NINTH CLAIM FOR RELIEF**

**(Alternative Claim for Constructive Fraud – Concealed Locations)**

127. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

128. To the extent that the Galaxy-Red Card APA has not been rescinded as set forth above, Section II(a)(ii) of that agreement requires Galaxy to make certain payments of Contingent Consideration based upon a percentage of the fees Galaxy made by marketing and distributing casino tables of High Card Flush.

129. In ensuring that Galaxy paid the correct amount of Contingent Consideration to Red Card or AGS, as the case may be, Plaintiffs were required to and in fact did rely upon Galaxy to report (i) the number and location of tables placed, and (ii) the amount of revenue Galaxy derived from each table placed.

130. Galaxy had a duty, both contractual and fiduciary given the special element of reliance Plaintiffs were required to and in fact did place in Galaxy, to accurately, honestly, and completely report such information relating to the placement and revenue derived from each table placed.

131. Upon information and belief, at some unknown date(s) after September 2012, but before September 2014, Galaxy deployed and installed tables of High Card Flush into, *inter alia*, (i) Dover Downs Hotel & Casino, Dover Delaware, (ii) Angel of the Winds Casino, Arlington, Washington, and (iii) Wildwood Casino, Cripple Creek Colorado.

132. At no time between September 2012 and September 2014, did Galaxy report to Plaintiffs that tables had been placed at such casinos, nor did Galaxy pay to Red Card or AGS, as

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

the case may be, any Contingent Consideration based upon the revenue earned from tables of High Card Flush placed at these casinos.

133. Plaintiffs have been damaged, in an amount to be proven at trial, by Galaxy's concealment of such placements and revenue earned therefrom, including but not limited to compensatory and consequential damages.

134. Upon information and belief, Galaxy's concealment of such placements and revenue earned therefrom was intentional, fraudulent, malicious, or oppressive, thereby entitling Plaintiffs to an award of punitive damages.

135. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**TENTH CLAIM FOR RELIEF**

**(Alternative Claim for Constructive Fraud – Other Concealed Revenue)**

136. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

137. To the extent that the Galaxy-Red Card APA has not been rescinded as set forth above, Section II(a)(ii) of that agreement requires Galaxy to make certain payments of Contingent Consideration based upon a percentage of the fees Galaxy made by marketing and distributing casino tables of High Card Flush.

138. In ensuring that Galaxy paid the correct amount of Contingent Consideration to Red Card or AGS, as the case may be, Plaintiffs were required to and in fact did rely upon Galaxy to report (i) the number and location of tables placed, and (ii) the amount of revenue Galaxy derived from each table placed.

139. Galaxy had a duty, both contractual and fiduciary given the special element of reliance Plaintiffs were required to and in fact did place in Galaxy, to accurately, honestly, and completely report such information relating to the placement and revenue derived from each table placed.

140. At some unknown date after September 2012, but before September 2014, Galaxy

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

offered new tables of High Card Flush to customers on a three (3) month trial basis.

141. Under the trial program, the customer was reimbursed for any payments made to Galaxy during the first three (3) months after a table was installed, if, after expiration of that period, the customer elected to not keep the table.

142. Under the trial agreement, when the customer kept the table Galaxy continued to collect payments from the customer without reimbursement of any prior payments.

143. However, in reporting and making payments to Plaintiffs of the Contingent Consideration, upon information and belief, Galaxy did not report the table placement until after expiration of the trial period.

144. Further, upon information and belief, Galaxy neither reported the initial three (3) months of revenue made upon tables retained following a trial placement, nor did Galaxy pay Red Card or AGS, as the case may be, any Contingent Consideration based upon such revenue.

145. Plaintiffs have been damaged, in an amount to be proven at trial, by Galaxy's concealment of such revenue, including but not limited to compensatory and consequential damages.

146. Upon information and belief, Galaxy's concealment of such revenue was intentional, fraudulent, malicious, or oppressive, thereby entitling Plaintiffs to an award of punitive damages.

147. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

## ELEVENTH CLAIM FOR RELIEF

**(Alternative Claim for Breach of Contract)**

148. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

149. To the extent the Galaxy-Red Card APA has not been rescinded as set forth above, a valid written contract exists between Galaxy and Red Card, namely the Galaxy-Red Card APA.

150. Pursuant to the terms and conditions of the Red Card-AGS APA, AGS acquired all

of Red Card's right, title, and interest to the Galaxy-Red Card APA.

151. At all times relevant hereto, Plaintiffs have fulfilled their obligations under the Galaxy-Red Card APA.

152. Despite Plaintiffs' performance under the Galaxy-Red Card APA, Galaxy has failed and refused to fulfill its obligations thereunder, including but not limited to (i) failing to use best efforts to market and distribute the Assets, (ii) failing to make proper payment of the Contingent Consideration, (iii) failing to obtain all necessary consents and approvals needed to properly market and distribute the Assets, (iv) upon information and belief, distributing the Assets for no consideration to Indian Casinos in California, (v) failing and refusing to provide accurate or complete information to Plaintiffs concerning the number, location, and revenue derived from each table placed, and (vi) failing to acknowledge AGS' valid purchase of the Assets under Section IV(c) of the Galaxy-Red Card APA.

153. Galaxy's refusal to perform is not excused or justified in any manner.

154. Plaintiffs have suffered and will continue to suffer damages, including but not limited to compensatory and consequential damages, as a result of Galaxy's breach in an amount to be proven at trial.

155. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**TWELFTH CLAIM FOR RELIEF**

**(Alternative Claim for Contractual Breach of the Implied Covenant of Good Faith)**

156. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

157. To the extent the Galaxy-Red Card APA has not been rescinded as set forth above, a valid written contract exists between Galaxy and Red Card, namely the Galaxy-Red Card APA.

158. Pursuant to the terms and conditions of the Red Card-AGS APA, AGS acquired all of Red Card's right, title, and interest to the Galaxy-Red Card APA.

159. In all contracts in Nevada, including the Galaxy-Red Card APA here, there is an

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

implied covenant of good faith and fair dealing.

160. Galaxy's above conduct, including but not limited to (i) failing to use best efforts to market and distribute the Assets, (ii) failing to make proper payment of the Contingent Consideration, (iii) failing to cooperate or obtain all necessary consents and approvals needed to properly market and distribute the Assets, (iv) upon information and belief, distributing the Assets for no consideration to Indian Casinos in California, (v) failing and refusing to provide accurate or complete information to Plaintiffs concerning the number, location, and revenue derived from each table of High Card Flush placed, (vi) refusing Plaintiffs' reasonable good faith offers to distribute the Assets in the jurisdictions in which Galaxy is not permitted or approved to do so, and (vii) failing to acknowledge AGS' valid purchase of the Assets under Section IV(c) of the Galaxy-Red Card APA, all constitute breaches of the implied covenant of good faith and fair dealing.

161. Plaintiffs have suffered and will continue to suffer damages, including but not limited to compensatory and consequential damages, as a result of Galaxy's breach in an amount to be proven at trial.

162. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**THIRTEENTH CLAIM FOR RELIEF**

**(Alternative Claim for Tortious Breach of the Implied Covenant of Good Faith)**

163. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

164. To the extent the Galaxy-Red Card APA has not been rescinded as set forth above, a valid written contract exists between Galaxy and Red Card, namely the Galaxy-Red Card APA.

165. Pursuant to the terms and conditions of the Red Card-AGS APA, AGS acquired all of Red Card's right, title, and interest to the Galaxy-Red Card APA.

166. In all contracts in Nevada, including the Galaxy-Red Card APA here, there is an implied covenant of good faith and fair dealing.

167. In ensuring that Galaxy paid the correct amount of Contingent Consideration to Red

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Card or AGS, as the case may be, Plaintiffs were required to and in fact did rely upon Galaxy to report (i) the number and location of tables placed, and (ii) the amount of revenue Galaxy derived from each table placed.

168. Plaintiffs were required to and in fact did place in Galaxy a special element of trust, reliance, and confidence, to accurately, honestly, and completely report such information relating to the placement and revenue derived from each table placed.

169. Because only Galaxy had access to accurate information relating to the placement and revenue derived from each table placed, Galaxy was in a superior and entrusted position to Plaintiffs.

170. In violation of its special relationship and position of confidence with Plaintiffs, Galaxy tortiously breached its duties to Plaintiffs by, *inter alia*, concealing and falsely reporting (i) the true number and location of tables placed, and (ii) the true amount of revenue Galaxy derived from each table placed.

171. Plaintiffs have suffered and will continue to suffer damages, including but not limited to compensatory and consequential damages, as a result of Galaxy's tortious conduct in an amount to be proven at trial.

172. Upon information and belief, Galaxy's above tortious conduct was intentional, fraudulent, malicious, or oppressive, thereby entitling Plaintiffs to an award of punitive damages.

173. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**FOURTEENTH CLAIM FOR RELIEF**

**(Alternative Claim for Unjust Enrichment)**

174. Plaintiffs hereby repeat, reallege, and incorporate all of the allegations contained in the preceding paragraphs as through fully set forth herein.

175. Galaxy has obtained a benefit from Plaintiffs in the form of the past and continued use of the Assets.

176. Galaxy has marketed, distributed, and exploited the Assets, and thus has used and

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

enjoyed the benefits derived from the benefit Plaintiffs conferred thereon.

177. Galaxy knew or should have known that Plaintiffs expected to be compensated for Galaxy's use of the Assets.

178. Plaintiffs have not been fully compensated for Galaxy's use of the Assets.

179. As a result of this failure, Plaintiffs have conferred a benefit on Galaxy for which they have not been properly compensated.

180. Galaxy has been unjustly enriched if allowed to retain the benefit conferred thereon without having to pay Plaintiffs for the same.

181. It would be inequitable not to require Galaxy to compensate Plaintiffs for the benefit conferred by Plaintiffs thereon.

182. Plaintiffs have suffered and will continue to suffer damages, including but not limited to compensatory and consequential damages, as a result of Galaxy's unjust enrichment in an amount to be proven at trial.

183. Plaintiffs have been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and are therefore entitled to all their reasonable attorneys' fees and costs associated with bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Galaxy as follows:

1. For the provisional remedies of declaratory and injunctive relief against Galaxy as set forth herein to protect the arbitral proceedings to be commenced between Plaintiffs and Galaxy;

2. For provisional preliminary and permanent injunctive relief against Galaxy, and its directors, officers, employees, servants, attorneys, agents, representatives, licensees, and all persons in privity, concert, or participation with it:

(a) enjoining them from marketing, possessing, distributing, manufacturing, producing, or otherwise making any use of the Assets,

(b) enjoining them from marketing, imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the HIGH CARD FLUSH Trademark or any mark confusingly similar to the HIGH CARD FLUSH

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Trademark,

(c) enjoining them from using any unauthorized copy or colorable imitation of the HIGH CARD FLUSH Trademark, or false designation of origin or description, in such fashion as is likely to relate or connect Galaxy with Plaintiffs or cause confusion,

(d) enjoining them from engaging in any other activity constituting unfair competition, infringement, or counterfeiting of the HIGH CARD FLUSH Trademark or AGS' rights in, or to use, or to exploit the same,

(e) ordering them to immediately remove, destroy, or return all reproductions of the Assets or HIGH CARD FLUSH Trademark from the market and their advertising materials and Internet websites, and

(f) enjoining them from assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (a) – (e) above;

3. For provisional declaratory relief that:

(a) Plaintiffs were legally permitted to rescind the Galaxy-Red Card APA (whether under the doctrines of fraudulent inducement, mutual mistake, or unilateral mistake),

(b) Plaintiffs' rescission of the Galaxy-Red Card APA was proper and effective,

(c) the Galaxy-Red Card APA has been rescinded, and

(d) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets;

4. For alternative provisional declaratory relief that:

(a) Galaxy failed to exercise best efforts in marketing and distributing the Assets,

(b) AGS' purchase of the Assets under Section IV(c) was proper and effective, and

(c) AGS, and not Galaxy, is the proper and sole owner of all rights, title, and interest to the Assets.

5. For general and consequential damages in an amount to be proven at trial or arbitration;

6. For an award of punitive damages against Galaxy in an amount deemed appropriate;

7. For an award of reasonable attorneys' fees incurred in this action;

8. For taxable costs;

9. For pre and post-judgment interest; and

10. For such other and further relief as the Court may deem just and proper.

DATED this 3rd day of December, 2014.

**HOLLAND & HART LLP**

*/s/ Bryan Wright*
Robert C. Ryan (7164)
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Bryce K. Kunimoto (7781)
Bryan L. Wright (10804)
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Plaintiffs*

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650