**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AGS, LLC, *et al.*, | ) |
|                        Plaintiffs, | ) Case No. 2:14-cv-02018-JAD-CWH |
| vs. | ) **ORDER** |
| GALAXY GAMING, INC., | ) |
|                        Defendant. | ) |

Before this Court are Defendant and Counterclaimant Galaxy Gaming Inc's ("Defendant") motions to seal (docs. # 14, # 19, #23, # 47,# 54), Plaintiffs and Counterclaimants AGS, LLC and Red Card Gaming Inc.'s ("Plaintiffs") responses (docs. # 39, # 40, # 66, # 67), and Defendant's replies (docs. # 52, # 72, # 73).

**BACKGROUND**

This action arises from a dispute over the terms of the non-competition and asset purchase agreements that were entered into by Defendant and Plaintiff Red Card Gaming Inc. ("Red Card"). Plaintiff AGS, LLC is involved in this action, as it has been assigned Red Card's rights and obligations under both the non-competition and asset purchase agreements.

**DISCUSSION**

**1.     Legal Standard**

The Ninth Circuit has comprehensively examined the common law right of public access to judicial files and records. See Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). In Kamakana, the court recognized that different interests are at stake in preserving the secrecy

of materials produced during discovery, and materials produced or presented in relation to dispositive motions. Id. at 1180-81. According to the court, two standards apply to account for these interests when evaluating requests to seal such materials.

A party seeking to seal "private materials unearthed during discovery," or to maintain the sealing of such materials when attached to non-dispositive motions, need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). In essence, "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Id. at 1210. Thus, the "burden is on the party requesting a protective order to demonstrate that: (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c); and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. at 1211 (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

By contrast, a party seeking to seal a judicial record attached to a dispositive motion, or material that is presented at trial must articulate "compelling reasons" in favor of sealing. Kamakana, 447 F.3d at 1178. Indeed, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citation omitted). To justify sealing such documents, therefore, a party must present articulable facts identifying the interests favoring continued secrecy and show that these specific interests overcome the presumption of public access by outweighing the public's interest in understanding the judicial process. Id. at 1181. Generally, requests for sealing are justified in cases in which the production of records would gratify private spite, encourage public scandal, circulate libelous statements, or release trade secrets. Id. at 1179.

//

**2.     Analysis**

    **a.     Motion to Seal (doc. # 14)**

Defendant asks the Court to seal: (1) exhibits 20, 28, and 29 (doc. # 15-22, # 15-30, #15-31) of Defendant's cross-motion for preliminary injunction because the exhibits contain information of Defendant's total placements of high card flush games, placements at specific casinos, and pricing for the games at each casino, which purportedly could be used by competitors; (2) paragraph 95 of Robert B. Saucier's ("Saucier") declaration (doc. # 15-1 at 18) because it refers to this information; (3) portions of Defendant's cross-motion for preliminary injunction referring to this information (doc. # 15 at 12-13); and (4) exhibit 1 of Michael J. Pertgen's ("Pertgen") declaration (doc. # 10-1) supporting Plaintiffs' motion for preliminary injunction because the declaration contains information of Defendant's non-public patent application currently being prosecuted before the U.S. Patent and Trademark Office.  Defendant adds that this action is in its early stages, with no protective order having yet been entered.  Defendant also notes that it already filed a redacted version of the documents in question, except for Pertgen's declaration, which was filed by Plaintiffs.

Plaintiffs, in response, do not object.  However, Plaintiffs assert that they reserve the right to contest whether such information should remain sealed at a later time.  In reply, Defendant responds to assertions made by Plaintiffs in their opposition to Defendant's motion for preliminary injunction, doc. # 31.

As an initial matter, this Court will not consider Defendant's reply, as it responds to assertions made by Plaintiffs in doc. # 31, which is not properly before this Court.  In light of Plaintiff's non-opposition, moreover, this Court grants Defendant's request.  As such, this Court directs the Clerk of Court to seal Pertgen's declaration (doc. # 10-1) on the record.  This Court also directs Plaintiffs to file a redacted version of Pertgen's declaration.

    **b.     Emergency Motion to Seal (doc. # 19)**

Defendant asks the Court to seal portions of paragraph 23 of Defendant's answer (doc. # 13 at 20) because Defendant "inadvertently" specified the number of placements of high card flush games that occurred during the first two years of the asset purchase agreement.  Defendant contends this information is confidential and a trade secret because it could be used by competitors to "better

compete" with Defendant in placing table games at casinos.

Plaintiffs do not oppose Defendant's request but wonder whether: (1) such information constitutes a trade secret or is confidential; (2) the instant motion is, in fact, an emergency; and (3) Defendant is or would incur harm by disclosing the information.

A motion to seal an answer is governed by a "compelling reasons" standard, which reflects the strong presumption in favor of access to court records in this circuit. See Hyosung (Am.), Inc. v. Hantle, Inc., No. 10-CV-2160 SBA NJV, 2011 WL 5520961, at *3 (N.D. Cal. Nov. 14, 2011). Here, the Court finds that Defendant's "inadvertent" inclusion of a purportedly confidential trade secret fails to satisfy the "compelling reasons" standard set forth by the Ninth Circuit. As such, this Court denies Defendant's request. Defendant shall file an amended answer, without the information at issue, no later than April 10, 2015.

### c. Motion to Seal (doc. # 23)

Defendant asks the Court to seal portions of its motion to compel arbitration (doc. # 24), along with exhibit A of the motion (doc. # 24-1), as the non-competition agreement entered into by Defendant and Red Card purportedly requires the information at issue, which relates to arbitration, be held in confidence.

Plaintiffs, in response, dispute various aspects of the non-competition agreement cited by Defendant, but claim they do not oppose Defendant's sealing request at this time. However, Plaintiffs reserve the right to contest whether such information should remain sealed in the future.

In reply, Defendant contends that Plaintiffs' "reservation of rights" is no reason to deny the instant motion and, because it has shown "good cause," Defendant asks the Court to seal the documents at issue.

The Court will not consider Plaintiffs' assertions regarding the non-competition agreement, as they are not properly before this Court. In light of Plaintiffs' non-opposition, moreover, this Court grants Defendant's request. Because Defendant has already filed a redacted version of the documents at issue, the Court will not require anything further at this time.

//
//

**d.      Motion to Seal (doc. # 47)**

Defendant asks the Court to seal portions of its reply (doc. # 48) to Plaintiffs' opposition to Defendant's motion to compel arbitration, along with exhibits A and B of Defendant's reply (docs. # 48-1, # 48-2), as the non-competition agreement entered into by Defendant and Red Card purportedly requires that the information at issue, which relates to arbitration, be held in confidence.

Plaintiffs, in response, again dispute various aspects of the non-competition agreement cited by Defendant, but claim they do not oppose sealing the information at this time and reserve the right to contest whether such information should remain sealed in the future.

In reply, Defendant contends that Plaintiffs "do not actually oppose" the instant motion, and it has shown "good cause" to seal the documents at issue. Thus, Defendant asks the Court to grant its request.

The Court reiterates its refusal to consider Plaintiffs' assertions regarding the non-competition agreement, as they are not properly before this Court. In any event, because Plaintiffs do not oppose the instant motion, this Court grants Defendant's request. This Court notes that Defendant has already filed a redacted version of the documents at issue. As such, the Court will not require anything further at this time.

**e.      Motion to Seal (doc. # 54)**

Defendant asks the Court to seal: (1) portions of its reply (doc. # 55) in support of its cross-motion for preliminary injunction because the non-competition agreement entered into by Defendant and Red Card purportedly requires that the information at issue, which relates to arbitration, be held in confidence; (2) exhibit 1 (doc. # 55-3) of Ryan J. Cudnick's ("Cudnick") declaration because it is a copy of the August 28, 2014 asset purchase agreement between Defendant and Red Card and, hence, "confidential"; and (3) exhibit 1 (doc. # 57-1) of Gary A. Vecchiarelli's ("Vecchiarelli") declaration, which contains pricing and placement information that purportedly constitutes a "trade secret."

Plaintiffs, in response, yet again dispute various aspects of the non-competition agreement, but claim they do not oppose Defendant's request at this time and reserve the right to contest whether such information should remain sealed in the future.

In reply, Defendant points out that Plaintiffs filed an untimely response to the instant motion.

5

Nevertheless, per Defendant, Plaintiffs do not oppose the sealing request, and Defendant has purportedly shown "compelling reasons" to support that request.

The Court, yet again, reiterates its refusal to consider Plaintiffs' assertions regarding the non-competition agreement, as they are not properly before this Court. Because Plaintiffs do not oppose the instant motion, and Defendant already filed a redacted version of the documents at issue, the Court grants Defendant's request.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Seal (doc. # 14) is **granted**. The Court directs the Clerk of Court to seal Pertgen's declaration (doc. # 10-1) on the record. The Court also directs Plaintiffs to file a redacted version of Pertgen's declaration.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Seal (doc. # 19) is **denied**. Defendant shall file an amended answer, without the information at issue, **no later than April 10, 2015**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal (doc. # 23) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal (doc. # 47) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal (doc. # 54) is **granted**.

DATED: April 2, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**