## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AGS, LLC, *et al.*, ) | |
| ) | Case No. 2:14-cv-02018-JAD-CWH |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| GALAXY GAMING, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before this Court is Defendant and Counterclaimant Galaxy Gaming Inc's ("Defendant") motion to seal (doc. # 88), Plaintiffs and Counterclaimants AGS, LLC and Red Card Gaming Inc.'s ("Plaintiffs") response (doc. # 92), and Defendant's reply (doc. # 93).

## BACKGROUND

This action arises from a dispute over the terms of the non-competition and asset purchase agreements that were entered into by Defendant and Plaintiff Red Card Gaming Inc. ("Red Card"). Plaintiff AGS, LLC is involved in this action, as it has been assigned Red Card's rights and obligations under both the non-competition and asset purchase agreements.

## DISCUSSION

**1.     Legal Standard**

The Ninth Circuit has comprehensively examined the common law right of public access to judicial files and records. See Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). In Kamakana, the court recognized that different interests are at stake in preserving the secrecy

of materials produced during discovery, and materials produced or presented in relation to dispositive motions. Id. at 1180-81. According to the court, two standards apply to account for these interests when evaluating requests to seal such materials.

A party seeking to seal "private materials unearthed during discovery," or to maintain the sealing of such materials when attached to non-dispositive motions, need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). In essence, "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Id. at 1210. Thus, the "burden is on the party requesting a protective order to demonstrate that: (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c); and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. at 1211 (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

By contrast, a party seeking to seal a judicial record attached to a dispositive motion, or material that is presented at trial must articulate "compelling reasons" in favor of sealing. Kamakana, 447 F.3d at 1178. Indeed, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citation omitted). To justify sealing such documents, therefore, a party must present articulable facts identifying the interests favoring continued secrecy and show that these specific interests overcome the presumption of public access by outweighing the public's interest in understanding the judicial process. Id. at 1181. Generally, requests for sealing are justified in cases in which the production of records would gratify private spite, encourage public scandal, circulate libelous statements, or release trade secrets. Id. at 1179.

//

## 2. Analysis

Defendant asks the Court to seal discrete portions of the parties' joint status report, as the non-competition agreement entered into by Defendant with Red Card purportedly requires that the information at issue be held in confidence.

Plaintiffs, in response, dispute various aspects of the non-competition agreement cited by Defendant, but claim they do not oppose Defendant's sealing request at this time. However, Plaintiffs reserve the right to, among others, contest whether the information subject to sealing "is confidential [and] in need of any protections" in the future.

In reply, Defendant contends that Plaintiffs "do not actually oppose" the instant motion, and it has shown "good cause" to seal the information at issue. Thus, Defendant asks the Court to grant its request.

The Court reiterates once more that it will not consider Plaintiffs' assertions regarding the non-competition agreement, as they are not properly before this Court. In light of Plaintiffs' non-opposition to Defendants' request, moreover, this Court grants the instant motion. Because Defendant has already filed a redacted version of the document at issue (doc. # 89), the Court will not require anything further at this time.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to seal (doc. # 88) is **granted**.

DATED: May 6, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**