1

2

3

4

5

6                            **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9    AGS, LLC, a Delaware limited liability              Case No. 2:14-cv-02018-LDG-CWH
     company; et al.,
10                                                        ORDER
              Plaintiffs and Counter-Defendants,
11
     v.
12
     GALAXY GAMING, INC., a Nevada
13   corporation,

14            Defendant and Counter-Claimant.

15

16          Defendant and counter-claimant Galaxy Gaming, Inc., has filed motion to compel

17   arbitration (#24, limited opposition # 38, reply #48), pursuant to the September 21, 2012 Asset

18   Purchase Agreement between plaintiff Red Card Gaming, Inc., and Galaxy Gaming, Inc., and the

19   Non-Competition and Right of First Refusal Agreement, both of which contain arbitration clauses.

20   Plaintiffs do not dispute that the September 21, 2012 Asset Purchase Agreement between Red

21   Card and Galaxy requires arbitration of claims between the parties.  However, they deny that Red

22   Card executed the Non-Competition and Right of First Refusal Agreement, and assert that Galaxy

23   forged the signature.

24          Two questions arise.  First, should the court or the arbitrator rule upon whether the Non-

25   Competition and Right of First Refusal Agreement is void ab initio based on forgery.  Second,

26

1   should the court or the arbitrator rule on preliminary injunctive relief sought by plaintiffs and

2   defendant.

3   I.     Which tribunal decides the arbitrability of the Non-Competition and Right of First Refusal

4          Agreement

5          Plaintiffs argue that because the Non-Competition and Right of First Refusal Agreement is

6   not enforceable, neither is the arbitration clause contained within.  In Buckeye Check Cashing, Inc.

7   v. Caregna, 546 U.S. 440, 446 (2006), the Supreme Court explained:

8          Challenges to the validity of arbitration agreements . . . can be divided into two types.  One
           type challenges specifically the validity of the agreement to arbitrate.  The other challenges
9          the contract as a whole, either on a ground that directly affects the entire agreement . . . or
           on the ground that the illegality of one of the contract's provisions render the whole
10         contract invalid.  Respondents' claim is of this second type.  The crux of the complaint is
           that the contract as a whole (including its arbitration provision) is rendered invalid[.]
11
           In such a case, the "challenge to the validity of the contract as a whole, and not specifically
12
     to the arbitration clause, must go to the arbitrator."  Id.  Here, plaintiffs challenge the agreement by
13
     asserting forgery, and not specifically the validity of the contract.  Accordingly, both the
14
     September 21, 2012 Asset Purchase Agreement between plaintiff Red Card Gaming, Inc., and
15
     Galaxy Gaming, Inc., and the Non-Competition and Right of First Refusal Agreement must go to
16
     the arbitrator.
17
     II.    Which tribunal should decide the motions for preliminary injunctive relief
18
            Both the September 21, 2012 Asset Purchase Agreement between plaintiff Red Card
19
     Gaming, Inc., and Galaxy Gaming, Inc., and the Non-Competition and Right of First Refusal
20
     Agreement are subject to the rules administered by the American Arbitration Association.  Rule
21
     47(a) provides that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just
22
     and equitable and within the scope of the agreement of the parties, including, but not limited to,
23
     specific performance of a contract."
24

25

26
                                                    2

The court finds that, as the arbitration panel will be considering the merits in resolving the disputes in this case, it is proper for the panel to also consider any preliminary injunctive requests. Accordingly,

THE COURT HEREBY ORDERS that defendant's motion to compel arbitration (#24) is GRANTED.

THE COURT FURTHER ORDERS that plaintiffs' motion for preliminary injunction (#8) and defendant's motion for preliminary injunction (#15) are DENIED without prejudice to their being reasserted in the arbitration proceedings.

THE COURT FURTHER ORDERS that plaintiffs' motion to strike, or in the alternative, motion for leave to file surreply (#60) and motion for leave to file plaintiffs' motion to strike, or in the alternative, motion for leave to file surreply (#62) are DENIED without prejudice.

THE COURT FURTHER ORDERS that defendant's motion to seal (#14) is DENIED without prejudice.

THE COURT FURTHER ORDERS that all further proceedings in this action are hereby STAYED pending the resolution of arbitration.

DATED this 23 day of September, 2015.

Lloyd D. George
United States District Judge

3